WARDEN, NEVADA STATE PRISON, APPELLANT,
v. CHARLES O. GAINES, RESPONDENT.

No. 7015

May 29, 1974                                    522 P.2d 1009

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Appellant.

*Gary A. Sheerin,* State Public Defender, Carson City, and *A. D. Demetras,* of Reno, for Respondent.

---

## OPINION

By the Court, ZENOFF, J.:

The question presented in this appeal is whether a previously sentenced probationer is entitled to a hearing when his probation is extended for noncompliance with one of the conditions of his probation.

Charles O. Gaines was sentenced to the Nevada State Prison for not less than two years nor more than 14 years for embezzlement of $700.00 from the Ho Hum Hotel of which he was a co-manager. He was granted probation on the condition that he serve one year in the Washoe County jail and thereafter remain on probation for two years. As a condition of probation he was required to repay the embezzled money to his former employer. During the two years of his probation he made $1,638.32 in the first year and $1,225.78 the second. His probation officer directed that he pay $20 per month on the amount taken but after two payments he failed to make any more.

Two weeks before his probation was to expire the Parole and Probation Department filed a report with the district court that respondent appeared to have made a satisfactory adjustment but failed to make restitution. Pursuant to the request contained in the report the court extended the probation period to the full five-year statutory limit or until restitution was made. Gaines was not notified of the proceedings. He continued on probation for another year when his probation was revoked for leaving Nevada without permission.

After being incarcerated in prison he petitioned for a writ of habeas corpus on the ground that the court order extending

his probation was invalid. From an order granting the writ of habeas corpus the State appealed.

1. NRS 176.235 in essence provides that a probationer who has failed to make restitution as ordered by the court without a verified showing of economic hardship shall be given a general discharge except that a civil liability remains for any unpaid restitution. That statute affects those probationers whose term has expired.[1] The extension of Gaines' probation took place two weeks before it was scheduled to expire. Since the treatment of Gaines' case was on the basis that his period of restraint was nearing an end the statute is considered to apply as if the probation had terminated.

2. The probationer whose liberty is at stake must have an opportunity to be heard and to show, if he can, that he did not violate the condition or if he did, that the circumstances suggest that he comes within that part of the statute reducing the restitution to a civil liability. Morrissey v. Brewer, 408 U.S. 471 (1972). NRS 176.225 added in 1967, the year before the order extending Gaines' probation was entered, provides that a defendant who has demonstrated his fitness for honorable discharge but because of economic hardship verified by a parole and probation officer has been unable to make restitution as ordered by the court is nevertheless eligible for an honorable discharge from probation. The order extending Gaines' probation on the recommendation of the Parole and Probation Department and without a hearing deprived Gaines of the opportunity to demonstrate his eligibility under this provision. There is no difference relevant to the guarantee of due process between the revocation of parole (Morrissey v. Brewer, supra) or probation and the extension thereof. Loss of liberty is typical of all three. Jones v. Cunningham, 371 U.S. 236 (1963); Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965); Gagnon v. Scarpelli, 411 U.S. 778 (1973).

---

[1]NRS 176.235
1. Every defendant whose term of probation has expired and:
(a) Who has failed to make restitution in full as ordered by the court, without a verified showing of economic hardship; or
. . .
2. Such general discharge releases the probationer from any further obligation, except a civil liability arising on the date of discharge for any unpaid restitution, but does not entitle the probationer to any privilege conferred by NRS 176.225.

Gaines was apprehended for leaving the state without permission after the extended period had started. That extension being invalid, his imprisonment was invalid. The order granting his release is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.